**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FILED

FOR THE NINTH CIRCUIT

NOV 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| WINIFRED JIAU,<br><br>　　　　　Petitioner - Appellant,<br><br>v.<br><br>RANDY L. TEWS, Warden,<br><br>　　　　　Respondent - Appellee. | No. 14-16706<br><br>D.C. No. 4:13-cv-04231-YGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted November 18, 2015[**]

Before:　　TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Former federal prisoner Winifred Jiau appeals pro se from the district court's

judgment dismissing her 28 U.S.C. § 2241 habeas petition as moot. We have

jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Jiau contends that the district court erred by denying her motion to convert

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

her petition into a *Bivens* action. The district court denied the motion to convert on the ground that Jiau filed her action prior to exhausting her administrative remedies. We review de novo a district court's legal rulings on exhaustion of administrative remedies. *See Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir.) (en banc), *cert. denied*, 135 S. Ct. 403 (2014).

The record indicates that the Bureau of Prisons ("BOP") received Jiau's grievance on July 16, 2013. Thus, barring any extension, a response would have been due on August 25, 2013, before Jiau filed her petition. *See* 28 C.F.R. § 542.18 (General Counsel's response is due within 40 calendar days). However, if the response time was extended by 20 days, as the regulation permits, *see id.*, the BOP's response would have been due after Jiau filed her petition. The record, as currently developed, is ambiguous as to whether the government sought an extension and whether Jiau received notice of an extension. *See id.* (the response time may be extended by 20 days, but "[s]taff shall inform the inmate of this extension in writing" and "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level"); *see also Albino*, 747 F.3d at 1172 (government's burden to prove that an inmate failed to exhaust). As a result, we cannot determine whether the district court properly denied the motion to convert

based on Jiau's failure to exhaust.  Accordingly, we vacate the portion of the judgment denying Jiau's motion to convert and remand for further proceedings, including, if necessary, further development of the record as to whether the government sought an extension and whether Jiau received notice of an extension.

In light of our disposition, we do not consider the parties' contentions regarding the merits of Jiau's claims.

We decline to consider respondent's argument, raised for the first time on appeal, regarding the ability of a district court to convert a habeas petition into a *Bivens* action.  *See Armstrong v. Brown*, 768 F.3d 975, 981-82 (9th Cir. 2014).

Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**